IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

      Plaintiff,                                  ORDER

      v.                                      19-cv-682-wmc

WADE C. STANLEY, CYNTHIA M. STANLEY,
ARTHUR F. STANLEY and CYNTHIA A. STANLEY,

      Defendants.

_____

     The court is in receipt of the government's motion for default judgment and judgment on the pleadings.  (Dkt. #16.)  Departing from the court's preferred practice, the motion is apparently intended to be a "placeholder," as it is devoid of any supporting materials.  Instead, again contrary to the standard practice, the motion states: "other supporting documents to be filed no less than 10 days before the date set by this Court for a hearing on default judgment." (Id. at 2.)  At one point, the court had reluctantly accepted this type of motion by the government, although it never has for non-governmental plaintiffs seeking a default judgment. However, the clerk's office has for some time now explained that the government's filing of a placeholder motion for default judgments, indicating that other documents will be filed at a later date, is no longer acceptable.  Not only is such a motion unhelpful to the court in deciding whether a hearing is appropriate, it fails to provide notice to the opposing parties as to what grounds may exist to challenge the specific judgment sought notwithstanding their having already defaulted on the question of liability.  Consistent with this court's practice in every other context, therefore, the government must file any supporting brief and underlying

1

evidence demonstrating entitlement to the specific relief sought before action will be taken by the court on its default judgment motion.

Equally troubling, the government purports in the same motion to seek judgment on the pleadings as against the two defendants who have answered in this same motion. Not only does it makes no sense for the government to wait to file any support for that motion until 10 days before a default  judgment hearing as to the other parties, but the answering defendants should have the right to respond in writing before the setting of a hearing since it is unlikely to be necessary in any event. Moreover, in this case, the court notes that the government and the two answering defendants have already entered into a stipulation as to any disposition of the real estate in dispute (dkt. #15), calling into question the necessity of seeking a motion for judgment on the pleadings at all.

Accordingly, the court will STRIKE the motion for default judgment and judgment on the pleadings. Plaintiff may refile these motions consistent with the court's standard practice, at which point a briefing schedule or hearing will be set as necessary.


Entered this 11th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge