IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                             Case No. 19-cv-682-wmc

WADE C. STANLEY, CYNTHIA M.
STANLEY, ARTHUR F. STANLEY, and
CYNTHIA A. STANLEY,

Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

The Defendants, Wade C. Stanley and Cynthia M. Stanley, having failed to appear, plead, or otherwise defend in this action, and default having been entered on November 13, 2019 (dkt. #12), a stipulation having been entered into by Defendants Arthur F. Stanley and Cynthia A. Stanley for real estate mortgage priorities and entry of judgment (dkt. #15), and the United States of America having requested judgment against the defaulted Defendants and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b) (dkt. #18);

Judgment is hereby entered in favor of the United States and against Defendants as follows:

1.      There is now due and owing to the United States as of and including June 24, 2020, the sum $218,613.11.

2.      The Defendants shall not be granted a right of redemption.

3.      The United States is entitled to Judgment of Foreclosure and Sale in the usual form on the mortgaged premises, located in Rusk County, Wisconsin, and described more specifically as:

> The Southwest Quarter of the Southwest Quarter (SW1/4 SW1/4), AND the Southeast Quarter of the Southwest Quarter (SE1/4 SW1/4), all in Section 34, Township 33 North, Range 5 West, Town of Marshall, Rusk County, Wisconsin, EXCEPT Certified Survey Map No. 1292, recorded in Volume 8 of Certified Survey Maps, Page 62 as Document No. 347952.

> For information purposes only:
> Tax Key Numbers:        024-00689-0000
>                                        024-00690-0000

4.      The mortgaged premises shall be sold as a whole at public auction in the County of Rusk, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin.

5.      Defendants Arthur F. Stanley and Cynthia A. Stanley have stipulated to the entry of the judgment of foreclosure and that the land contract interest of Arthur F. Stanley and Cynthia A. Stanley on the mortgaged premises, as described in the Stipulation between Arthur F. Stanley and Cynthia A. Stanley and the United States (dkt. #15), is superior to the interest of the United States.

6.      The amount due and owing to Defendants Arthur F. Stanley and Cynthia A. Stanley the sum of $45,104.25, plus any interest, attorney's fees, costs, and disbursements made or incurred after January 11, 2020, until paid in full.

7.      The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this

action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

8.    In case of sale pursuant hereto:

a)    the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in the <u>Ladysmith News</u>, a newspaper published in the City of Ladysmith, Rusk County, Wisconsin;

b)    the United States Marshal shall allow any of the parties to this action to purchase at the sale the above-described premises;

c)    the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court;

d)    the United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, within thirty (30) days of the date of sale, except that if the United States is the successful bidder at the sale, the United States Marshal may take the receipt of the United States in lieu of cash payment;

e)      the United States Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, and upon confirmation of the sale by the Court, shall make and execute to the purchaser a deed to the premises so sold, as above described, stating the price paid therefor;

f)      the United States Marshal shall deliver the deed to the purchaser, upon compliance by the purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid, and upon confirmation of the sale by the Court;

g)      the United States Marshal shall thereupon pay to Defendants Arthur F. Stanley and Cynthia A. Stanley from the proceeds of the sale the amount of $45,104.25, plus any interest, attorney's fees, costs, and disbursements made or incurred after January 11, 2020, until paid in full;

h)      the United States Marshal shall pay from the remaining proceeds of the sale all claims superior to the United States as determined by the Court, and to the United States, the amount of said judgment, together with interest from the date of judgment on all of said sums, as set forth in 28 U.S.C. § 1961(a), from the date hereof, or so much thereof as the monies derived from the sale of the premises will pay the same, and take receipts therefor; and

i)      The surplus money, if any, shall be subject to the further order of the Court.

9.      If the proceeds of such sale be insufficient to pay the amounts aforesaid, the United States Marshal shall specify the amount of the deficiency in his report of sale. Deficiency judgment is not being sought herein.

10.      Upon confirmation of sale of the mortgaged premises:

a)      the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof;

b)      any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in the deed possession of the mortgaged premises; and

c)      a writ of assistance shall issue if necessary to secure such possession.

11.      The United States may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, the United States may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

12.     Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

Dated this 24th day of June, 2020.

BY THE COURT:

_____

WILLIAM M. CONLEY
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 24 day of June, 2020.

_____

PETER OPPENEER
Clerk of Court
United States District Court